UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**THERESA STEINMETZ,**

      **Plaintiff,**

**v.**                                                        Case No:   6:12-cv-1741-Orl-28GJK

**VIEIRA FUNERAL HOMES, LLC, and**
**MANNY VIEIRA**

      **Defendant.**

REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANT'S MOTION TO TAX COSTS (Doc. No. 40)**
>
> **FILED:**       **February 4, 2014**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

**I.**     **BACKGROUND.**

This action was instituted on November 19, 2012. Doc. No. 1. On January 22, 2013, Theresa Steinmetz ("Ms. Steinmetz") filed a six-count amended complaint (the "Complaint") against Vieira Funeral Homes, LLC ("VFH") and Manny Vieira ("Mr. Vieira"). Doc. No. 19. In it, Plaintiff alleged sexual harassment pursuant to Title VII and the Florida Civil Rights Act of 1991 ("FCRA") against VFH (Counts I and II), and intentional infliction of emotional distress, negligent infliction of emotional distress, assault, and battery against VFH and Mr. Vieira (Counts III, IV, V and VI). Doc. No. 19 at 1-10.

On November 27, 2013, VFH filed a Motion for Summary Judgment arguing that it is entitled to judgment as a matter of law on Counts I and II of the Complaint because it employed fewer than fifteen (15) employees during the relevant period, and therefore does not meet the definition of employer under either Title VII or the FCRA. Doc. No. 34 at 6-9. On January 6, 2014, the Court entered an order granting VFH's Motion for Summary Judgment on Counts I and II of the Complaint. Doc. No. 38 at 2. The Court declined to exercise supplemental jurisdiction over the remaining state law claims (Counts III, IV, V, and VI) and dismissed them without prejudice. *Id*. On January 7, 2014, Judgment was entered in favor of VFH and against Ms. Steinmetz. Doc. No. 39.

**II.      LAW.**

Rule 54, Federal Rules of Civil Procedure, provides, in relevant part, that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). There is a presumption in favor of awarding costs. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). However, "the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered, 'since denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation.'" *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977)) (citation omitted).[1] To defeat the presumption and deny some or all costs, a district court must have and state a sound basis for doing so. *See Id.*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

"[A] court may only tax costs as authorized by statute." *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Thus, a district court may not award costs under Rule 54 "in excess of those permitted by Congress under 28 U.S.C. § 1920." *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). Section 1920 specifies which costs are recoverable, and provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under § 1923 of this title;
>
> (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees expenses and costs of special interpretation services under § 1828 of this title.

*Id*. When challenging whether costs are properly taxable, the burden lies with the challenging party. *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F.Supp.2d 1272, 1288 (M.D. Fla. 2005). However, the party seeking costs must provide sufficient detail and documentation regarding the requested costs so that the opposing party may challenge the costs and so the court may conduct a meaningful review of the costs. *Lee v. Am. Eagle Airlines, Inc.*, 93 F.Supp.2d 1322, 1335-36 (S.D. Fla. 2000). Failure to provide sufficient detail or supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs. *Pelc v. Nowak*, Case No. 8:11-CV-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013) (citing *Johnson v. Mortham*, 173 F.R.D. 313, 318 (N.D. Fla. 1997)).

**III.   ANALYSIS.**

VFH, as the prevailing party, is entitled to costs.  VFH requests $887.57 in costs.  Doc. No. 40 at 6; 41 at 1-2.  Ms. Steinmetz argues that the Motion should be denied for three reasons: 1) the Motion is premature because the case is still being litigated in state court; 2) "most of the costs" are irrelevant to the issue on which the Court granted summary judgment; and 3) VFH's costs for travel and expert witnesses are not compensable under § 1920.  Doc. No. 43 at 1-2.

**A.  Timing of the Motion.**

Ms. Steinmetz baldly argues that the Motion should be denied because the case is pending in state court, and, if VFH prevails there, it will "be able to tax any and all legitimate costs at that time."  Doc. No. 43 at 1-2.  Ms. Steinmetz, however, cites no authority in support of her argument (*see* Doc. No. 43 at 1-2), and the undersigned finds her argument unavailing.  Final judgment has been entered in favor of VFH and against Ms. Steinmetz.  Doc. No. 39.  As such, VFH is a prevailing party entitled to an award of costs under Rule 54, Federal Rules of Civil Procedure and § 1920.  *Zumwalt v. City of Palm Beach Gardens*, 2007 WL 221417, at *2 (S.D. Fla. 2007) (finding similar argument unavailing).

**B.  Costs.**

As an initial matter, the undersigned notes that Ms. Steinmetz objects to "most of the costs" because they are irrelevant to the issue on which the Court granted summary judgment.  Doc. No. 43 at 2.  This generalized objection, however, does not sufficiently apprise the Court of those costs which Ms. Steinmetz asserts are irrelevant.  The undersigned will not sift through the record and attempt to determine which costs, if any, were unnecessarily incurred.  Given the record before the Court, it appears that each of the requested costs were necessarily incurred in defense of this action.  Accordingly, the undersigned will address whether the requested costs are

reasonable and taxable under § 1920.

### 1. Fees of the Clerk and Marshal.

VFH requests a total of $159.00 in costs for service of deposition subpoenas, which represents $30.00 for service on Dr. Andrea Deratany ("Dr. Deratany"), $45.00 for service on David Wallace ("Mr. Wallace"), and $84.00 for service on Steven Arn ("Mr. Arn"). Doc. Nos. 41 at 2; 41-1 at 1. The subpoenas were served by a private process server. *Id*. "It is well settled that costs for having a private process server serve deposition subpoenas are compensable to the extent the private process server's fees are limited to the fees authorized in 28 U.S.C. § 1921." *Magaldi v. Safeco Ins. Co. of Am.*, 2009 WL 1851102, at * 6 (S.D. Fla. June 29, 2009) (citing *W & O, Inc.*, 213 F.3d at 624). The current statutorily authorized fee for § 1921 is set forth in 28 C.F.R. § 0.114. The evidence reveals that the subpoenas were served after October 30, 2013 (Doc. No. 41-1 at 1), at which time the U.S. Marshals Service was authorized to collect $65.00 per hour for service of process, plus travel costs and any other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3) (2013).

The fees incurred for serving Dr. Deratany and Mr. Wallace are reasonable since they do not exceed $65.00. While the service fee for Mr. Arn exceeds $65.00 and there is no evidence explaining the fee (*See* Doc. Nos. 40; 41; 41-1), Ms. Steinmetz has not objected to the fee (*See* Doc. No. 43) and the undersigned finds the same to be reasonable. Accordingly, the undersigned finds that VFH is entitled to the costs associated with service of the deposition subpoenas.

### 2. Fees for Printed or Electronically Recorded Transcripts.

VFH requests a total of $253.75 in costs for Ms. Steinmetz's deposition. Doc. Nos. 41 at 2; 41-1 at 1. "Taxation of deposition costs is authorized by § 1920(2)." *W & O, Inc.*, 213 F.3d at 620 (citing *U.S. v. Kolesar*, 313 F.2d 835, 837-38 (5th Cir. 1963)). However, "where the

deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Id.* (quoting *Goodwall Const. Co. v. Beers Const. Co.*, 824 F.Supp. 1044, 1066 (N.D. Ga. 1992), *aff'd*, 991 F.2d 751 (Fed. Cir. 1993)) (internal quotations omitted). Ultimately, the question of whether costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case. *Id.* at 620-21. Here, VFH seeks costs associated with Ms. Steinmetz's deposition. Doc. Nos. 41 at 2; 41-1 at 1. Ms. Steinmetz's deposition was necessarily obtained for use in the case since she was a named party and the primary witness. *See Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F.Supp.2d 1254, 1258 (S.D. Fla. 2013) (finding deposition of plaintiff was necessarily obtained for use in the case because she was, among other things, a named party and the primary witness). As such, the cost associated with Ms. Steinmetz's deposition is taxable. Further, absent objection from Ms. Steinmetz, the undersigned finds that the cost associated with her deposition is reasonable. Accordingly, the undersigned finds that VFH is entitled to the cost associated with Ms. Steinmetz's deposition.

### 3. Witness Fees.

VFH requests a total of $290.85 in costs for deposition witness fees, which represents $90.85 for Mr. Wallace's witness fee and mileage, and $200.00 for Dr. Deratany's witness fee. Doc. Nos. 41 at 2; 41-1 at 1. The Court may tax costs for "fees and disbursements for . . . witnesses." 28 U.S.C. § 1920(3). Witness fees are set by 28 U.S.C. § 1821(b), which provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance" at trial or deposition. *Smith v. Naples Cmty. Hosp., Inc.*, Case No. 2:08-cv-952-Ftm-29SPC, 2011 WL 1100136, at *2 (M.D. Fla. Mar. 23, 2011). Courts have no authority to exceed this amount, as "[n]othing over the statutory amount is recoverable." *Goodwin Bros. Leasing, Inc. v. Citizens*

*Bank*, 587 F.2d 730, 735 (5th Cir.1979). However, a "witness who travels by privately owned vehicle[,]" is entitled to be paid "[a] travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to [5 U.S.C. § 5704], for official travel of employees of the Federal Government[.]"  28 U.S.C. § 1821(c)(2).

While the fee sought for Mr. Wallace exceeds the $40.00 daily limit and there is no indication that he was deposed for more than one day, the undersigned finds that the requested amount is reasonable since it takes into account Mr. Wallace's mileage, to which Ms. Steinmetz does not object. *See* Doc. Nos. 41 at 2; 41-1 at 1; 43. The fee sought for Dr. Deratany, however, does not include mileage. *See* Doc. Nos. 40; 41 at 2; 41-1 at 1. Further, there is no representation or evidence indicating that Dr. Deratany was deposed for more than a day. *See Id*. Accordingly, the undersigned finds that the witness fee sought for Dr. Deratany should be reduced by $160.00.[2]

**4. Copying Fees.**

VFH requests a total of $95.00 in costs for copies, which represents $63.25 for documents produced by Dr. Deratany and $31.75 for unspecified photocopies. Doc. Nos. 41 at 1-2; 41-1 at 1. Costs for copying documents necessarily obtained for use in the case are taxable under § 1920(4). "Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable[,]" whereas "[c]opies obtained only for the convenience of counsel," such as "[e]xtra copies of filed papers, correspondence, and copies of cases" are not. *Desisto Coll., Inc. v. Town of Howey-In-The-Hills*, 718 F.Supp. 906, 913 (M.D. Fla. 1989), *aff'd sub nom. Desisto Coll., Inc. v. Line*, 914 F.2d 267 (11th Cir. 1990), *not followed on other grounds by W & O, Inc.*, 213 F.3d 600.

---

[2] This figure is calculated as follows: $200.00 (the requested witness fee for Dr. Deratany) - $40.00 (the statutory daily witness fee) = $160.00.

Although the Motion and the attachments thereto do not provide any description of the documents produced by Dr. Deratany (*See* Doc. Nos. 40; 41; 41-1), the undersigned finds that the costs associated with the production of those documents are taxable and reasonable since Ms. Steinmetz has not objected to the costs and the documents, having been produced by a witness (Doc. Nos. 41 at 2; 41-1), were likely necessarily obtained for use in the case.  The costs for the unspecified photocopies, however, are not taxable.  A party seeking reimbursement for copying costs must present evidence "regarding the documents copied including their use or intended use." *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994).  Although Ms. Steinmetz does not object to these costs, VFH has provided no evidence concerning the purpose of the photocopies nor is there anything in the record indicating that the photocopies were necessarily obtained for use in the case.  *See* Doc. Nos. 40 at 1-2, 4-6; 41 at 1; 41-1 at 1.  As such, the undersigned cannot determine whether the costs for the photocopies were necessarily obtained for use in the case.  *See Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008) (finding costs for "unspecified copying" that did "not allow the court to determine whether the documents were necessarily obtained for use in the case" were not recoverable under § 1920).  Accordingly, the undersigned finds that VFH's requests for costs should be reduced by an additional $31.75.

**5. Miscellaneous Costs.**

VFH requests a total of $88.97 in costs for travel expenses and computerized research. Doc. Nos. 41 at 1-2; 41-1 at 1.  These expenses, however, are not taxable under § 1920.  *See, e.g.*, *Gary Brown & Assocs.*, 268 F. App'x at 846 (finding travel related expenses are not recoverable under § 1920); *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (finding

computerized research is not recoverable under § 1920). Accordingly, the undersigned finds that VFH's request for costs should be reduced by an additional $88.97.

### IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 40) be **GRANTED in part** and **DENIED in part**;

2. Direct the Clerk to tax costs in favor of Vieira Funeral Homes, LLC in the amount of $606.84;[3] and

3. Otherwise, **DENY** the Motion.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 16, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[3] This figure is calculated as follows: $887.56 (costs requested by VFH) - $160.00 (reduction in witness fee for Dr. Deratany) - $31.75 (reduction in fees for unspecified photocopies) - $88.97 (reduction in costs for travel expenses and computerized research) = $606.84.